GARCÍA ET AL., APPELLANTS, *v.* SURO ET AL., RESPONDENTS.

APPEAL from the District Court of San Juan, Section 1.

No. 893.—Decided June 17, 1913.

AGENT—SALE UNDER REDEMPTION AGREEMENT.—An agent authorized to sell personal property is not empowered to sell it under a redemption agreement without the express authorization of the owner.

ID.—CONTRACT OF BAILMENT—RESTRICTIVE CONSTRUCTION.—A contract of bailment should always be construed restrictively in order to avoid the conversion into damage to the principal of that which he authorized for his benefit and advantage.

ID.—SALE UNDER REDEMPTION AGREEMENT—OWNERSHIP—POSSESSION.—A purchaser of jewelry sold under a redemption agreement by an agent who is not expressly authorized to make such conditional sale can acquire the ownership thereof only by its uninterrupted possession for three years if purchased in good faith or for six years if in bad faith.

The facts are stated in the opinion.

*Mr. Martín Travieso, Jr.,* for appellants.

*Mr. Herminio Díaz Navarro* for respondent Rocco.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an action brought by the spouses Adolfo García and Rosario Suárez to recover the possession of seven diamond rings belonging to them, which were sold by the defendant, Gabriel Suro, to the other defendant, Antonio Rocco, or in case it should be impossible to return said jewelry, that Rocco be adjudged to pay to the plaintiffs the full value thereof, and that both defendants be adjudged to pay to the plaintiffs the sum of $300 as damages, together with costs and attorney's fees. The case duly came on for trial before the District Court of San Juan, Section 1, and judgment was rendered on May 23, 1912, dismissing the complaint as regards Antonio Rocco and sustaining it as to the defendant Gabriel Suro, who was adjudged to pay the plaintiffs the sum of $420, being the value of the rings and the costs of the action, from which judgment counsel for plaintiffs took the present appeal to this court.

The court bases its decision on the ground that according to the evidence introduced at the trial the plaintiffs, about or before the month of April, 1911, delivered to the defendant, Gabriel Suro, nine diamond rings belonging to them on the condition that he should sell them and make immediate delivery to them of the proceeds of such sale; that Suro sold seven of the rings to the other defendant, Antonio Rocco, for $200, reserving the right to redeem the same within the eight days following by reimbursing the purchaser the said sum, and that as the vendor did not exercise this right of redemption within the said period, Rocco acquired an absolute ownership of the rings notwithstanding that Suro failed to deliver to the plaintiffs the proceeds of said sale.

We accept as good the findings of fact made by the trial

court, but we cannot agree with the conclusion of law on which it bases its judgment.

Although Suro was authorized to sell the rings, he was not empowered to sell them with the right of redemption and in doing so without the consent of the owners he unlawfully deprived them of the rings, consequently the plaintiffs are entitled to recover the rings from their present possessor pursuant to section 466 of the Civil Code, which provides that the possession of personal property acquired in good faith is equivalent to a title thereto, but that any person who has lost any movable or has been illegally deprived thereof may recover it from the person in possession of the same.

Undoubtedly Suro was authorized by the plaintiffs to make an ordinary sale of the rings, but not to enter into a contract of sale with right of redemption, which is of a singular character on account of the resolutory condition attached thereto requiring special authorization, which Suro did not possess. In support of our opinion we refer to the sound doctrine laid down in the decision of the General Directorate of Registries of Spain dated January 27, 1900.

In a contract of bargain and sale with right of redemption the stipulated price is generally less than that which would have been agreed upon in an ordinary contract of bargain and sale, because a purchaser, in agreeing to the price, would naturally take into consideration the damage or loss that would accrue to him in case the seller should exercise his right of redemption. The contract of bargain and sale between Suro and Rocco contained no stipulation as to any indemnity in case the purchaser, Rocco, should acquire the absolute ownership of the rings. There is nothing to show that said contract was more advantageous to the plaintiffs than the ordinary sale which they proposed to make through the agency of the defendant, Suro, therefore section 1617 of the Civil Code is not applicable.

It cannot be argued that a person who is authorized simply to make a sale is authorized also to make it with a right of

redemption, because apart from the fact that this would be absolutely frivolous, as is said by the noted commentator Manresa, and a denial of the fact that practically sales with right of redemption are nothing more nor less than loans, the interpretation of a contract of bailment must always be restrictive in order to avoid the conversion into damage to the principal of that which he authorized for his benefit and advantage, as we said in our opinion in the case of the administrative appeal of *Fano* v. *The Registrar of Property of San Juan*, 15 P. R. R., 313.

The plaintiffs were unlawfully deprived of the rings in question from the moment when Suro sold them to Rocco with a right of redemption without being so authorized by the owners, and although Rocco acquired them in good faith and thereby acquired a title thereto by possession in accordance with the provisions of section 466 of the Civil Code already cited, such title merely constituted *prima facie* evidence of the ownership of the rings without depriving the owner of his right to recover them on proving that he had been deprived of them unlawfully, and this was proven at the trial by the fact that the rings were sold with a right of redemption without authority to this effect from the plaintiffs.

Said title does not deprive the plaintiffs of their ownership, but merely gives to the possessor, Rocco, the right to acquire ownership of the rings by prescription after uninterrupted possession for three years, which period would be increased to six years if he had acquired them in bad faith, according to section 1856 of the Civil Code.

We refer to the opinion upon which we based our decision in the case of *Adolfo García et al.* v. *Miguel Savino et al.*, *ante* p. 265.

While the plaintiffs have the right to recover their jewelry—which we cannot do less than recognize—such right involves no obligation on their part to refund to Rocco the amount which he paid Suro for it, inasmuch as the articles were not purchased at a public sale, which is an indispensable

requisite in order that a refund of the price paid therefor may be exacted, according to section 466 of the Civil Code already cited. While in the present action no such liability can be fixed on Suro, Rocco may bring the proper action against Suro for the restitution of the amount paid by the former to the latter.

For the foregoing reasons the judgment appealed from is reversed and another is rendered ordering Antonio Rocco to return the rings claimed, reserving to Rocco the right to obtain from Suro a restitution of the sum of $200 which he paid for said jewelry without any liability attaching to Suro in the present action.

> *Reversed and judgment rendered in favor of the plaintiffs.*

Justices MacLeary, del Toro, Wolf and Aldrey concurred.